*425 Dissenting opinion of
Parker, J.
THOMAS J. GLADWELL v. ELIZABETH HOLCOMB.
I desire to indicate very briefly, the reasons why I am unable to agree with the majority of the members of this court, in their conclusions in this case. As stated by the presiding judge, it is unquestionably the common law of England, that in cases of .leases from year to year, a six months’ or half yearly notice to quit must be given in order to terminate the tenancy. I agree with the majority of the court, that if we are at liberty to hold that the rule as to the giving of notice for a reasonable time obtains, or may be adopted as the rule in Ohio, that a reasonable notice was given in this case. But I cannot bring my mind to the conclusion that the court is at liberty to adopt that rule. As stated in the authority read from the 2nd Ohio St., 891:
“The English common law, so far as it is reasonable in itself, suitable to the condition and business of our people, and consistent with the letter and spirit of our federal and state constitutions and statutes, has been, and is followed by our courts, and may be said to constitute a part of the common law of Ohio.”
I find that this rule of six months’ notice was a rule of the common law, applicable to not only agricultural leases, but to the leases of houses and store buildings. My attention has not been called to any fact or circumstance indicating to my mind that this rule is not as well suitable to the condition of the business of our people as to the condition or business of the people from whom we derive the common law. Counsel for the parties,and the court, have most diligently searched the authorities,and have been unable to find any case in which any court of any state in the Union, has departed from this common law rule. Wherever it has not *426 obtained — wherever a different rule has been adopted, so far as^we have been able to find, the change has been effected by legislation, and my opinion is, that in this state, to change the rule,requires legislative action The reason of the rule, as I understand it, is founded in the fact that there is an uncertainty about the termination of the holding.
In the case of a holding for a year, of course no notice to quit is required; but where a tenant holds over, and is permitted to hold over from year to year, an uncertainty arises as to whether or not he will be required to quit the premises at the expiration of any current year. This rule obtains not only as to the right of the landlord, but as to the tenant. The tenant is required, in order to excuse himself from liability, to pay the rent for the succeeding year, to give notice of his intention to quit a half year before the expiration of the current year. It is within the power of the parties, of course, by their contract, to avoid this rule if they do not consider it consistent with their interest and purposes, by a provision in their contract. If I felt at liberty to concur in a judgment fixing a different rule, I would say that the holding that four months includes a reasonable^time, would meet my approbation.